**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4726**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JANSON LAMARK STRAYHORN,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00368-CCE-2)

Submitted:  June 25, 2015                Decided:  June 29, 2015

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Renorda E. Pryor, HERRING LAW CENTER, PLLC, Raleigh, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janson Lamark Strayhorn was convicted by a jury of interference with commerce by robbery (Count One), conspiracy to commit robbery (Count Three), carrying and using a firearm during and in relation to crimes of violence (Counts Two and Four), and possession of a firearm by a convicted felon (Count Five). Strayhorn appealed his convictions on Counts One-Four. United States v. Strayhorn, 743 F.3d 917, 921 & n.1, 925 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). Because we concluded that the evidence was insufficient to support the convictions on Counts One and Two, id. at 922-24, "we reverse[d] . . . [those] convictions . . . , vacate[d] the sentence[,] and remand[ed] [the] case for resentencing in light of our disposition on [the] motion for judgment of acquittal." Id. at 927. We also affirmed the convictions on Counts Three and Four, id., concluding that substantial evidence supported them. Id. at 925-26.

On remand, Strayhorn sought a new trial on Counts Three, Four, and Five, arguing that the evidence from Counts One and Two tainted his trial on the surviving counts. The district court denied this request, and Strayhorn appeals. We affirm.

"[I]n the absence of exceptional circumstances, [the mandate rule] compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as issues "foregone on

2

appeal or otherwise waived, for example because they were not raised in the district court." United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013) (emphasis and internal quotation marks omitted). In his original appeal, Strayhorn did not challenge his conviction on Count Five, and we affirmed his convictions on Counts Three and Four without authorizing the district court to reconsider those convictions on remand. Strayhorn, 743 F.3d at 921 n.1, 926-27. Strayhorn does not allege any exceptional circumstances that might exempt his spillover-prejudice claim from the effects of the mandate rule. See Pileggi, 703 F.3d at 681-82 (discussing exceptions to rule). We therefore conclude that the district court properly denied the request for a new trial.

Accordingly, we affirm the amended judgment entered by the district court. We also deny Strayhorn's motions for leave to file pro se supplemental briefs. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED